## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Citibank, N.A. | ) |
| | ) |
| -v- | )   COMPLAINT   1:23-cv-2420 |
| | ) |
| Shulem Friedman and | ) |
| Miriam Friedman | )   Civil Action No. |
| | ) |
| _____ | ) |

The plaintiff Citibank, N.A. (**Citibank**) sues Shulem Friedman and Miriam Friedman (collectively, **Defendants** or **the Friedmans**) and states:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between a citizen of South Dakota and citizens of New York, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. The applicable law under the choice of law provisions of the credit card agreements is South Dakota law.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that the Defendants reside in this district and all Defendants reside in the state of New York.

### PARTIES

4. Plaintiff Citibank, N.A. is a national bank with its main office in the state of South Dakota and is therefore a citizen of South Dakota.

5. Defendant Shulem Friedman is an individual residing in Kings County, in the State of New York and he is a citizen of New York.

6. Defendant Miriam Friedman is an individual residing in Kings County in the State of New York, and she is a citizen of New York.

### GENERAL ALLEGATIONS

7. Defendants Shulem and Miriam Friedman were married at all relevant times.

8. Defendants opened the following nine credit card accounts (collectively, the **Credit**

69433547;2

**Accounts**) with plaintiff Citibank, individually and as agents for the other, each subject to the terms and conditions of the Credit Accounts (**Credit Agreements**):

| Account number | Account Description | Name |
|---|---|---|
| XXXXXXXX2412 | Citi / AAdvantage Executive | Miriam Friedman |
| XXXXXXXX0795 | Citi Prestige Card | Miriam Friedman |
| XXXXXXXX5310 | CITI Premier | Miriam Friedman |
| XXXXXXXX6004 | Citi ThankYou Preferred | Miriam Friedman |
| XXXXXXXX5117 | Citi Prestige Card | Shulem Friedman |
| XXXXXXXX0002 | CITI Premier | Shulem Friedman |
| XXXXXXXX3136 | Citi ThankYou Preferred | Shulem Friedman |
| XXXXXXXX2130 | CITI Premier | Shulem Friedman |
| XXXXXXXX1435 | CitiBusiness/AAdvantage Platinum Select | Shulem Friedman |

Fraudulent Scheme

9. For years, Defendants were good customers, honored their agreements, and made timely payments under their Credit Agreements on their Credit Accounts.

10. But then Defendants embarked on a fraudulent scheme to drastically increase and swiftly charge up the balances of their Credit Agreements before Citibank could identify their illicit manipulations. In violation of the Credit Agreements, Defendants charged over $1,738,035.63 across the Credit Accounts.

11. Defendants followed a common scheme by opening accounts and making regular payments for several years to build the appearance they were good customers, which enabled them to commit their fraud. They used this time to infiltrate Citibank's systems and safeguards.

12. At the time Defendants opened each account, Defendants intended to misuse the Credit Accounts by charging the accounts in excess of the authorized amount.

13. At the time of each transaction charged against the Credit Accounts, Defendants knew or reasonably should have known that they did not intend to pay and did not have the ability to pay the charges.

14. Defendants manipulated their credit charges to obtain credit in excess of the credit limit for each of the accounts.

15. Defendants knew and intended that their actions would cause Citibank to extend substantially more credit than Citibank agreed to in justifiable reliance on Defendants' misrepresentations and omissions.

16. Defendants did not use the additional credit to purchase any necessities.  They made purchases of luxury items to profit at Citibank's expense.

17. Citibank was damaged by Defendants' misrepresentations, and Citibank's damages were proximately caused by Defendants false representations and omissions.

## Breach of Contract

18. Defendants agreed to the Credit Agreements by opening the accounts and using the Credit Accounts for each credit transaction.  **Exhibits 1-9**.

19. Defendants promised to pay for all amounts due on the Credit Accounts:[1]

> Your Account use is subject to this Agreement. You must pay us for all amounts due on your Account, including:
> 1. Transactions you make, even if you didn't present your Card or sign for the Transaction;
> 2. Transactions an Authorized User makes;
> 3. Transactions that other people make if you or an Authorized User let them use your Account; and
> 4. Any fees and interest charges on the Account.

20. Each transaction for which Defendants used a Credit Account constituted a promise to pay the amount charged.

---

[1] Each Credit Agreement contains substantially the same language.

69433547;2

21. The Credit Agreements required Defendants to make monthly minimum payments:

> **Minimum Payment Due.** You may pay all or a part of your Account balance at any time. You must pay at least the Minimum Payment Due by the payment due date each Billing Period.
>
> Your **"Minimum Payment Due"** equals:
> - Any amount past due; plus
> - Any Overlimit Amount; plus
> - Any Citi Flex Plan Payment Amount; plus
> - The greater of:
>   1. The Adjusted New Balance, if it's less than $41;
>   2. $41 if the Adjusted New Balance is at least $41; or
>   3. 1% of the Adjusted New Balance (rounded to the nearest dollar), plus any billed interest or minimum interest charge, plus any late fee.
>
> The Minimum Payment Due is never more than the New Balance.

22. Defendants understood that they had an authorized credit limit for each account:

> **Credit Limit.** We assign a credit limit to your Account. Part of this credit limit may be available for Cash Advances, and there may be a limit on the amount of Cash Advances you can take in a given period. We may authorize Transactions that cause your balance to exceed your credit limit.

23. Under the Credit Agreements Defendants were prohibited from using the Credit Accounts for unlawful transactions, including fraudulent transactions:

> **Unlawful Transactions.** You aren't permitted to use your Account for unlawful Transactions. If you do use your Account for unlawful Transactions, this Agreement still applies and you must pay us for those Transactions. You also may have to pay the Card Network and/or us for any damages and expenses resulting from that use. In addition, we may close your Account.

24. In total, the combined authorized credit limit for the Credit Accounts was approximately $184,000.00.

25. Defendants did not honor the terms of the Credit Agreements, had multiple returned payments, and failed to pay minimum amounts due, which constitute defaults under the Credit Agreements.

26. Citibank is entitled to immediate payment of the Credit Account balances:

> **Default.** We may require immediate payment of your total Account balance, to the extent allowed by law, if any of the following occurs:
> 1. You don't pay at least the Minimum Payment Due by the due date.
> 2. You have a Returned Payment.
> 3. You file for bankruptcy or some other insolvency proceeding is filed by or against you.
> 4. You don't honor the terms of this Agreement.
> 5. You default under any other card agreement you have with us.
> 6. You're declared incompetent or mentally incapacitated, or in the event of your death.

27. Any conditions precedent have been fulfilled or waived.

## COUNT I
### FRAUDULENT MISREPRESENTATION

28. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

29. Defendants falsely represented to Citibank that charges on the account were not authorized by Defendants.

30. Defendants falsely represented to Citibank that they had authorization over bank accounts used to make payments on the Credit Accounts.

31. Defendants falsely represented to Citibank that they intended to make a payment on the Credit Accounts, when Defendants intended to dispute those payments with the payor bank.

32. For each transaction using the Credit Accounts, Defendants impliedly represented to Citibank that they intended to pay the charges made on the Credit Accounts, when they had no intent to repay the charges.

33. Defendants made these false statements with the intent to deceive Citibank and to induce Citibank to turn over credit or money to Defendants.

34. Defendants' behavior was intentional, deliberate, willful, and malicious, and was conducted in a reckless manner with disregard of the effect the conduct would have on Citibank and others.

35. Citibank justifiably and reasonably relied on Defendants' misrepresentations.

36. Citibank suffered damages in the amount in excess of the credit limit that Defendants charged to the Credit Accounts.

37. Citibank suffered damages when payments on the Credit Accounts were returned for insufficient funds.

38. Citibank suffered damages when Defendants falsely disputed payments on the Credit Accounts with the paying banks, causing the paying banks to halt the payments.

39. Citibank is entitled to compensatory damages, including but not limited to recovery of the full balance of the Credit Accounts, plus attorney's fees and costs under the Credit Agreements and pursuant to applicable law.

## COUNT II
### FALSE PRETENSES

40. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

41. Defendants impliedly misrepresented to Citibank that charges on the account were not authorized by Defendants by disputing the charges.

42. Defendants impliedly misrepresented to Citibank that they had authorization over bank accounts used to make payments on the Credit Accounts by purporting to submit payments using fake bank account numbers.

43. Defendants impliedly misrepresented to Citibank that they intended to make a payment on the Credit Accounts, when Defendants intended to dispute those payments with the payor bank.

44. For each transaction using the Credit Accounts, Defendants impliedly represented to Citibank that they intended to pay the charges made on the Credit Accounts, when they had no intent to repay the charges.

45. Defendants knowingly and willingly promoted the misrepresentations.

46. Defendants made the misrepresentations to create a contrived and misleading understanding of the transaction on the part of Citibank by misleading Citibank to believe: (1) Defendants did not authorize charges, when Defendants in fact did so authorize; (2) Defendants intended to make a payment on the Credit Accounts, when Defendants knew the payor bank account was fake or intended to dispute the payment with the payor bank; and (3) Defendants intended to

pay the debt at the time transactions were charged when they had no intention to pay.

47. Defendants' implied misrepresentations wrongfully induced Citibank to advance credit and/or money to the Defendants.

48. Citibank is entitled to compensatory damages, including but not limited to recovery of the full balance of the Credit Accounts, plus attorney's fees and costs under the Credit Agreements and pursuant to applicable law.

## COUNT III
### ACTUAL FRAUD – MISREPRESENTATION

49. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

50. Defendants falsely represented to Citibank that charges on the account were not authorized by Defendants.

51. Defendants falsely represented to Citibank that they had authorization over bank accounts used to make payments on the Credit Accounts.

52. Defendants falsely represented to Citibank that they intended to make a payment on the Credit Accounts, when Defendants intended to dispute those payments with the payor bank.

53. For each transaction using the Credit Accounts, Defendants impliedly represented to Citibank that they intended to pay the charges made on the Credit Accounts, when they had no intent to repay the charges.

54. At the time of each express and implied misrepresentation, Defendants knew the statement was false.

55. Defendants made these false statements with the intent to deceive Citibank and to induce Citibank to turn over credit or money to Defendants.

56. Citibank actually and justifiably relied on Defendants' misrepresentations to its detriment.

57. Citibank suffered damages in the amount in excess of the credit limit that Defendants charged to the Credit Accounts.

58. Citibank suffered damages when payments on the Credit Accounts were returned for insufficient funds.

59. Citibank suffered damages when Defendants falsely disputed payments on the Credit Accounts with the paying banks, causing the paying banks to halt the payments.

60. Citibank's damages were proximately caused by Defendants' fraudulent misrepresentations.

61. Citibank is entitled to recovery of the full balance of the Credit Accounts, plus attorney's fees and costs under the Credit Agreements and pursuant to applicable law.

## COUNT IV
### ACTUAL FRAUD – FRAUDULENT CONDUCT

62. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

63. Defendants submitted payments to the Credit Accounts using non-Citibank accounts, then falsely disputed the payments with the payor bank with the wrongful intent to delay, hinder, and/or defraud Citibank and prevent Citibank from collecting the debt.

64. Defendants submitted payments to the Credit Accounts using false or unauthorized accounts with the wrongful intent to delay, hinder, and/or defraud Citibank and prevent Citibank from collecting the debt.

65. Defendants intentionally manipulated the timing of the billing cycle to conceal their fraud and further delay, hinder, and/or defraud Citibank and prevent Citibank from collecting the debt.

66. Citibank justifiably and reasonably relied on Defendants' conduct when it received the false payment information from Defendants.

67. Citibank suffered damages in the amount in excess of the credit limit that Defendants charged to the Credit Accounts.

68. Citibank suffered damages when payments on the Credit Accounts were returned due to the account number being false or unauthorized.

69. Citibank suffered damages when Defendants falsely disputed payments on the Credit Accounts with the paying banks, causing the paying banks to halt the payments.

70. Citibank's damages were proximately caused by Defendants' fraudulent conduct.

71. Citibank is entitled to recovery of the full balance of the Credit Accounts, plus attorney's fees and costs under the Credit Agreements and pursuant to applicable law.

## COUNT V
### CIVIL CONSPIRACY

72. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73. Defendants had an unlawful agreement to obtain credit from Citibank in substantial excess of the authorized credit limits with the intent to never repay the amounts.

74. Defendants opened the Credit Accounts and manipulated the accounts to cause Citibank to extend credit in excess of authorized credit limit.

75. Shulem and Miriam Friedman each participated intentionally and knowingly in the scheme to defraud Citibank by obtaining excess extension of credit.

76. Defendants' conspiracy damaged Citibank in an amount to be proven at trial, but not less than $1,738,035.63.

77. Citibank is entitled to recovery of the full balance of the Credit Accounts, plus attorney's fees and costs under the Credit Agreements and pursuant to applicable law.

## COUNT VI
### BREACH OF CONTRACT

78. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79. Defendants entered into the Credit Agreements with Citibank when they opened each Credit Account.

80. Citibank fully performed its obligations under the Credit Agreements by extending the credit authorized by each Credit Agreement.

81. Defendants breached the Credit Agreements by purposefully overcharging the Credit Accounts.

82. Defendants made intentional misstatements to Citibank to obtain the overextensions of credit.

83. Defendants manipulated payments towards account balances to cause the account to reflect a paid balance, despite payments later being returned for insufficient funds and/or due to Defendants' false dispute of the charges with paying banks.

84. Defendants' breach caused Citibank damages in an amount to be proven at trial, but not less than $1,738,035.63.

85. Defendants' breach directly and proximately caused Citibank's damages.

86. Citibank is entitled to recovery of its attorney's fees and costs incurred in collecting the balance of the accounts:

> **Collection Costs.** To the extent allowed by law, you're liable to us for our legal costs if we refer collection of your Account to a lawyer who isn't our salaried employee. These costs may include reasonable attorneys' fees, as well as costs and expenses of any legal action.

87. Citibank is entitled to recovery of the full balance of the Credit Accounts, plus attorney's fees and costs under the Credit Agreements and pursuant to applicable law.

## COUNT VII
### UNJUST ENRICHMENT

88. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

89. Defendants falsely represented to Citibank that charges on the account were not authorized by Defendants.

90. Defendants falsely represented to Citibank that they had authorization over bank accounts used to make payments on the Credit Accounts.

91. Defendants falsely represented to Citibank that they intended to make a payment on the Credit Accounts, when Defendants intended to dispute those payments with the payor bank.

92. For each transaction using the Credit Accounts, Defendants impliedly represented to Citibank that they intended to pay the charges made on the Credit Accounts, when they had no intent to repay the charges.

93. At the time of each express and implied misrepresentation, Defendants knew the statement was false.

94. Defendants made these false statements with the intent to deceive Citibank and to induce Citibank to turn over credit or money to Defendants.

95. Defendants received the benefit of the extension of credit in the amount of the authorized credit plus the unauthorized credit, which amount is not less than $1,738,035.63.

96. Defendants accepted the benefit of the authorized and unauthorized credit.

97. Defendants failed and refused to make payments on the debt and used fraud to retain

    possession of the credit.

98. Defendants retained the benefit under such circumstances as to make it unjust and inequitable for Defendants not to compensate Citibank.

99. Citibank is entitled to recovery of the full balance of the Credit Accounts, plus attorney's fees and costs pursuant to applicable law.

    WHEREFORE, Citibank respectfully requests the court enter an order in Citibank's favor and against Defendants:

    a.  Declaring Defendants obtained money and credit from Citibank by false pretenses, false representation, and/or actual fraud;

    b.  Declaring Defendants intentionally, willfully and maliciously caused injury to Citibank by their fraudulent conduct;

    c.  Awarding damages against Defendants and in Citibank's favor in an amount to be determined at trial but not less than $1,738,035.63;

    d.  An award of restitution in an amount to be determined at trial;

    e.  Awarding Citibank the costs and expenses of trial, including but not limited to its reasonable attorneys' fees;

    f.  Punitive damages;

    g.  For such other and further relief as is deemed just and proper.

Dated:

Respectfully submitted:

**AKERMAN, LLP**

<u>*/s/ Jordan M. Smith*</u>
Jordan M. Smith
Primary E-mail: jordan.smith@akerman.com
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
Telephone: (212) 880-3800

*Counsel for Citibank, N.A.*

69433547;2